Jacob M. Polakoff, Bar No. 035832006
jpolakoff@bm.net
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel. 215.875.3000
Fax 215.875.4604

*Attorneys for Plaintiff*

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **SUZANNE CARUSO, on behalf of herself and all others similarly situated,** | : | **Case No.:3:21-cv-9665** |
| | : | |
| **Plaintiff,** | : | **CLASS ACTION COMPLAINT** |
| | : | |
| **v.** | : | |
| | : | **DEMAND FOR JURY TRIAL** |
| **Jet Set Sports, LLC d/b/a CoSport,** | : | |
| | : | |
| **Defendant** | : | |

## <u>CLASS ACTION COMPLAINT</u>

Plaintiff Suzanne Caruso, by and through the undersigned counsel, on behalf of herself and a class of all others similarly situated, brings this action against Defendant Jet Set Sports, LLC d/b/a/ CoSport ("Defendant" or "CoSport"), for breach of contract, violation of the New Jersey Consumer Fraud Act ("CFA") and the New Jersey Truth-in-Consumer Contract, Warranty and Notice Act, ("TCCWNA").

## **NATURE OF THE ACTION**

1.     Plaintiff brings this class action lawsuit on behalf of all people who purchased tickets and accommodations for the Summer Olympics through CoSport, which is the sole entity authorized to sell tickets to the American public.  Because of the Novel Coronavirus pandemic, the Summer Olympics in Tokyo were postponed from the summer of 2020 to the summer of 2021.  However, the Japanese Olympic Committee recently announced that no international spectators will be allowed to attend.  As a result, the Olympic tickets and accommodations purchased by Plaintiff and the putative class through CoSport are worthless.  They are of no value whatsoever.

2.     Regardless, Defendant CoSport refuses to grant Plaintiff and the class a full refund under its Terms and Conditions.  Instead, CoSport only offers a partial refund (75%) IF the customer elects her refund by the eight (8) day deadline and the customer agrees to hold CoSport harmless for retaining the remainder of their refund (25%).  This conduct not only constitutes a breach of contract, but it is also unfair and deceptive in violation of the New Jersey CFA and TCCWNA.

## **PARTIES**

3.     Plaintiff Suzanne Caruso is a Texas citizen residing at 6438 Lupton Dr., Dallas, Texas 75225.

4.      Defendant Jet Set Sport, LLC d/b/a CoSport is a New Jersey corporate citizen with its corporate headquarters located at 196 Route 202 North, Far Hills, NJ 07931.

## JURISDICTION AND VENUE

5.      The Court has personal jurisdiction over CoSport because it is a corporation registered under the laws of the State of New Jersey and maintains its headquarters and principal place of business at 196 Route 202 North, Far Hills, NJ 07931.

6.      This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act, since certain members of the class are citizens of States different from States in which Defendant is a citizen and because the amount in controversy exceeds $5,000,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(d).

7.      Venue is proper in this judicial District because a substantial part of the events and omissions giving rise to the claims herein occurred in this judicial District as CoSport is headquartered here and because Defendant is subject to personal jurisdiction in this judicial District.  28 U.S.C. § 1391.

8.      The CoSport "Terms and Conditions of Sale Tokyo 2020 Olympic Games" Agreement includes the following Choice of Law Provision requiring venue in this Court:

> **Choice of Law:**  The validity, construction, enforcement and interpretation of these Terms and Conditions, and any

3

and all claims arising out of or relating to the subject matter of these Terms and Conditions (including all tort claims), shall be governed by the laws of the State of New Jersey, USA, without regard to the conflict of law's provisions thereof. Customer hereby agrees that any suit or legal proceeding instituted in connection with the subject matter of these Terms and Conditions shall be brought (and thereafter maintained) exclusively in the state courts of or federal courts located in New Jersey, United States.

## **FACTUAL ALLEGATIONS**

9.    CoSport is the exclusive resource for Americans to purchase tickets to Olympic events.  According to its website:

> CoSport is the world's leading provider of Olympic Games tickets and hospitality packages, having supported hundreds of thousands of fans at the past 10 Olympic and Olympic Winter Games.

> For the next Olympic Games in Tokyo, we are proud to serve as an Official Sponsor/Partner of the National Olympic Committee as well as the exclusive Authorized Ticket Reseller in the following 8 territories: Australia, Bulgaria, Croatia, Hellenic, Jordan, Norway, Sweden, and the United States.

> (www.cosport.com/AboutUs).

10.    The International Olympic Committee and the United States Olympic Committee refers all Americans to CoSport for tickets and accommodations.

11.    Plaintiff is an avid supporter of the US Olympic Team, having attended several Olympics in the past.

12.    On December 2, 2019, Plaintiff purchased the "Tokyo 2020 Olympic Games SS Package" from CoSport for $16,375.00.

13.     This package included charges of: (2) Diving Tickets at $121.29 each plus a $24.26 handling fee totaling $291.10, (2) Water Polo Tickets at $97.03 each, plus a $19.41 handling fee per ticket totaling $232.88, (4) Volleyball - Beach Tickets at $75.68 each, plus a $15.14 handling fee per ticket totaling $363.28, (2) Athletics Tickets at $523.97 each, plus a $58.22 handling fee per ticket totaling $1,164.38. Additional Services including 5 nights at the Keio Plaza Hotel, daily breakfast, pre-games and onsite management totaled $14,323.36, bringing the grand total to $16,375.00.

### A. Japanese Prime Minister Shinzo Abe and IOC President Thomas Bach Hold a Press Conference to Announce the Postponement of the 2020 Summer Olympics

14.     Originally slated for a July 24, 2020 start date, the decision was made on March 24, 2020 to re-schedule the 2020 Summer Olympics to begin on July 23, 2021 due to the Covid-19 pandemic:

> In the present circumstances and based on the information provided by the WHO today, the IOC President and the Prime Minister of Japan have concluded that the Games of the XXXII Olympiad in Tokyo must be rescheduled to a date beyond 2020 but not later than summer 2021, to safeguard the health of the athletes, everybody involved in the Olympic Games and the international community.

15.     Organizers then decided to use a number of safety measures in order to facilitate the safest environment for both athletes and spectators.  Many of these precautionary measures were well known, such as mandatory vaccinations,

limitations on the number of spectators and rules governing how competitors would move around and interact with the public.  However, Organizers never stated that international spectators would be prohibited from attending.

16.    CoSport provided updates to its customers.

**Tokyo 2020 Games – January 22, 2021 IOC Statement on the report in the newspaper "The Times" regarding Tokyo 2020**

Dear CoSport Customers,

We refer you to the strong and clear statement that the Japanese Government made today, saying that the report is "categorically untrue". Please find the statement here.

> "Some news reports circulating today are claiming that the Government of Japan has privately concluded that the Tokyo Olympics will have to be cancelled because of the coronavirus. This is categorically untrue."

(https://cosport.com/files/2020tokyo/2021-01-22%20IOC%20Statement-fre-eng.pdf).

**CoSport Website Sales Reopens - February 8, 2021**

Dear CoSport Customers,
We have completed our inventory maintenance on Hotel & Tickets Packages (HTPs), Tickets & Hospitality Pass Packages (THPPs) while making new inventory available for Individual Ticket sales. CoSport will reopen sales at NOON (EST) on Monday February 8, 2021.

Thank you for your patience.
The CoSport Team

**CoSport Website Spectator Update March 12, 2021**

Dear CoSport Customers,

Although the Olympic Movement is developing health and safety protocols designed to keep spectators safe, CoSport has become aware the Japanese Government is considering barring the attendance of international spectators at the 2020 Olympic and Paralympic Games. No final decision has been made.

If the Japanese Government were to restrict attendance, CoSport and the United States Olympic and Paralympic Committee (USOPC), would work with the Tokyo 2020 organizers to provide refunds for tickets – similar to what happened last Summer when refunds were offered at the time of the postponement. As an intermediary, CoSport passes customer payments for tickets to Tokyo 2020; therefore, the organizers would have to return those funds to CoSport so we could redistribute it to customers. A similar process would be involved for ticket and hotel packages, as CoSport also would work with hotels to refund moneys provided to reserve rooms. For these reasons, CoSport would be unable to provide an immediate refund, and attempts to obtain a refund directly from CoSport before these entities could provide the refunds to CoSport would be unsuccessful.

Although CoSport currently does not have more information, please feel free to reach out to customer service if you have questions.

The CoSport Team

## B. The Japanese Government Bars International Spectators from Attending the 2020 Olympics in Tokyo

17.    On March 20, 2021, the Japanese Organizers along with the International Committee permanently changed how the world would experience the Summer Olympics.  They decided to bar international spectators from attending any Olympic events:

The decision on international spectators will "ensure safe and secure Games for all participants and the Japanese public," Tokyo 2020 organisers said in a statement following five-way talks that included the head of the International Olympic Committee, Thomas Bach, and the Tokyo governor."

"People who are involved in the Olympics in some way may be allowed to enter the country, whereas regular visitors will not be able to," Tokyo 2020's Muto said.

(https://www.reuters.com/lifestyle/sports/tokyo-2020-likely-wont-allow-foreign-olympic-volunteers-kyodo-2021-03-20/)

18.    After this news was announced, CoSport released the following

update:

**CoSport Website Spectator Update**

Updated March 20, 2021
Dear CoSport Customers,

This has been a tough year as all of us have had to manage the impacts of COVID-19. We were hoping Tokyo 2020 would mark a global turning point as the world gathered to celebrate the Games. Unfortunately, the Japanese Government's decision to bar international spectator attendance is yet another disappointing blow. The International Olympic Committee has accepted this decision, and we must respect their concerns about health and safety.

Because the Japanese Government has restricted international spectator attendance:
•    CoSport and the United States Olympic & Paralympic Committee will work with Tokyo 2020 to secure your refund based on the terms and conditions of your purchase as well as the policies and procedures Tokyo 2020 will develop and provide to us.

- The refund process Tokyo 2020 will develop likely will be similar to the way refunds were provided for those who chose the option not to attend due to the postponement. We have learned from that unprecedented situation and are endeavoring to make the process smoother.

- The Tokyo 2020 organizers first will have to return the necessary funds to CoSport because CoSport, as an intermediary, long ago forwarded your payments for your tickets to them.

- Tokyo 2020 has confirmed it will honor this responsibility in its announcement.

- If you have purchased ticket and hotel packages, we also will have to work with the Japanese hotels to refund the monies already provided to them to secure your rooms.
      We will provide your refund as soon as the process allows; however, as the organizers continue to navigate the impact of COVID-19, the process likely will take some time. We ask for your patience and understanding in advance as the Olympic authorities and we work through the details.
- For the reasons specified above, CoSport is unable to provide an immediate refund. Any attempt to obtain a refund through third parties, such as credit card companies, rather than directly from CoSport, prior to any final announcement related to the refund policy Tokyo 2020 will develop or before the entities mentioned above return your monies to CoSport, will not be honored. Experience has shown that attempts to circumvent the official process will complicate the process and delay your refund.
      As soon as Tokyo 2020 provides us with the detailed refund process, we will provide information about how to apply directly to CoSport for your refund.

Best Regards,

The CoSport Team

## C. <u>The Seventy-Five Percent Refund "Offer"</u>

19.     CoSport then changed its tune.  Instead of making good on its prior promise to "work with Tokyo 2020 to secure your refund based on the terms and conditions of your purchase," it offered only a refund of seventy-five percent of the purchase price.  Essentially, CoSport seeks to retain its profit from selling worthless tickets and accommodations in direct contradiction to its own contractual obligations.

20.     On April 7, 2021, CoSport's President, Robert F. Long, issued an email to all CoSport customers as follows:

Dear Suzanne,
Re: Refund Request Form Due April 16, 2021
 As you know, the Japanese Government decided to bar international spectators from attending the Tokyo 2020 Olympic and Paralympic Games due to concerns over COVID-19.  Like you, we are disappointed by this news but are committed to work with you through Tokyo 2020's refund process.
As mentioned previously, the refund process regrettably will take time as Tokyo 2020 has told us they will not be able to return the ticketing portion of your refund until the third quarter of this year. It also will take time for the hotel to return the funds used to secure your room. We are taking steps to shorten the final step, our processing your refund, and will address those in a follow-up letter.
Although CoSport and other Olympic entities encouraged the Japanese Government and organizers to refund all costs incurred by international spectators, they decided not to. As a result, we will provide you with options similar to those provided during last year's postponement refund process:

1.     Refund: If you request a refund, you will receive a refund totaling 75 percent of the cost of the package you purchased. Your refund will consist of the face value of each ticket and as much of your payment to

secure your rooms the hotel will return. Additionally, because we are beginning to understand significant portions of these funds will be unrecoverable, CoSport will subsidize the remaining portion of your refund so you will receive a 75 percent refund even if the amount returned by the Japanese entities falls short.

We hope you understand CoSport is unable to refund the rest. Authorized Ticket Resellers, like CoSport, provide packages that include tickets on behalf of organizing committees and National Olympic Committees to offer more-inclusive hospitality solutions to spectators. As a result, the price of packages includes the work and costs it takes to develop the program. Some of those expenditures will be lost, such as the work conducted to prepare the elements of the program, and others, such as financial transaction fees and currency conversions, will be doubled.

Because we are endeavoring to be your ally in this process, we will continue to press the Japanese Government and other entities to return more of your funds. If they do, we also will return that amount, meaning you could receive more than a 75 percent refund. To-date, they have been unwilling to do so.

We realize this is not the outcome any of us hoped for, but we are doing our best within the constraints provided us.

2.     Credit: Alternatively, you may choose to receive credit equaling 100 percent of the amount of your purchase toward purchases related to future Olympic Games or other CoSport-ticketed events. If you were to choose this option, you also would be provided the opportunity to select tickets during a "pre-sale" period open only to those who had selected this option.

You can initiate your refund process by submitting your completed request form by APRIL 16, 2021, at 11:59 p.m., EDT. Failure to meet this deadline will jeopardize your refund. We recognize this is a quick turnaround; however, it is based on the deadline Tokyo 2020 gave us to apply for the ticketing portion of your refund on your behalf.

The form allows you to identify each order for which you are claiming a refund, authorize CoSport to cancel the orders on your behalf and release CoSport from any further claim related to these orders. Whether you choose to complete and submit the refund form, all orders will be

11

cancelled as a result of the international spectator ban imposed by the Japanese Government.

CoSport was founded to help spectators enjoy the experience of a lifetime at the Olympic and Paralympic Games. We remain disappointed we were not allowed to fulfil this mandate and that you were not allowed to create those memories. We recognize a refund will not cure the disappointment, but we will do what we can within our control to hasten the process.

We appreciate your prompt attention to this request form and promise to share updates related to this process as we receive them.

Regards,

Robert F. Long

President, CoSport

**Begin Survey**

(Exhibit B).

21.    The "Survey" attached to the 75% Refund email included a disclaimer attempting to absolve CoSport of any and all liability for amounts above 75%.

> By exercising this option, I also agree to forever discharge and release CoSport and its affiliates from any and all claims arising out of or in connection with your order. You also agree you have read and understand the refund process outlined in the accompanying letter, dated April 6, 2021.

(Exhibit C).

22.    Importantly, the Refund Request Survey did NOT allow customers to seek a refund without also agreeing to absolve CoSport of further liability.  In other words, despite their contractual, legal and ethical right to a full refund, Plaintiff and other customers were forced to either forego making any request for a refund or be

12

forced to allow CoSport to retain 25% of their money due.  This is contrary to the customers' rights under the CoSport Terms and Conditions.

23.    The CoSport Terms and Conditions provide that a "Full" refund will be provided if the customer's order cannot be completed.

> Limitation of Liability
> …
> If a Customer is actually charged by THE COMPANY for any Product(s) (including but not limited to accommodations, transportation, Tickets or any combination thereof) without their respective order(s) being completed as detailed above, THE COMPANY will refund Customer in full by crediting their respective Account at the earlier of either THE COMPANY detecting the error or Customer notifying THE COMPANY of the error.

> (Exhibit A).

## CLASS ALLEGATIONS

24.    Pursuant to Federal Rule of Civil Procedure 23(a), (b)(2) and (b)(3), Plaintiff brings this action on behalf of herself and all others similarly situated.

The "Class" is defined as:

All persons in the United States who purchased Tickets and Accommodation Packages from CoSport for the 2020 Tokyo Olympic Games and entered into a CoSport Terms and Conditions of Sale Agreement substantially in the form of Exhibit A.

25.    Excluded from the Class are: (a) Defendant, any entity in which Defendant has a controlling interest, and its legal representatives, officers, directors,

employees, assigns, and successors; and (b) the judge to whom this case is assigned and any member of the judge's immediate family.

26.     CoSport's Terms and Conditions of Sale Agreement dictates that New Jersey law "governs these Terms of Use."

27.     The statute of limitations is six years for the New Jersey Consumer Fraud Act ("NJCFA"), the New Jersey Truth-in-Consumer Contract Warranty and Notice Act ("TCCWNA") and for Breach of Contract.

28.     Plaintiff can identify and ascertain all other class members from CoSport's business records.  These records are computerized and will reflect which customers were charged and paid CoSport's deceptive and unfair "Program Fee" which was actually an undisclosed Credit/Debit Card Surcharge.  Thus, Plaintiff's proposed Class is ascertainable.

29.     **Numerosity:** Plaintiff does not know the exact size of the Class because this information is in CoSport's exclusive control.  However, based on the nature of the commerce involved and the size and scope of CoSport's business, Plaintiff believes the class members number in the tens of thousands and that class members are dispersed throughout the United States and the world.  Therefore, joinder of all class members would be impracticable.

30.     **Typicality:** Plaintiff's claims are typical of other class members' claims because Plaintiff and all class members were subject to a standard form Terms

and Conditions which requires a "full" refund be issued when their attendance at the Tokyo Olympics was precluded.

31. **<u>Commonality and Predominance:</u>** Questions of law and fact common to the Class exist and predominate over questions affecting only individual members, including, *inter alia*, the following:

     a.    Whether the contract between CoSport and the Class (including Plaintiff) was breached by not providing a full refund;

     b.    Whether the contract between CoSport and the Class (including Plaintiff) was breached by CoSport's attempt to retain 25% of the refunds due;

     c.    Whether CoSport's representations regarding the Seventy Five Percent Refund are unfair and deceptive in violation of the CFA;

     d.    Whether CoSport violated the TCCWNA by refusing to refund 25% of the amounts paid by Plaintiff and the Class;

     e.    Whether CoSport's actions have proximately caused an ascertainable loss to Plaintiff and members of the Class, if so, the proper measure of damages; and

     f.    Whether Plaintiff and class members are entitled to declaratory and injunctive relief.

32.   **Adequacy:** The named Plaintiff will fairly and adequately represent and protect the interest of the members of the Class because she possesses no interest antagonistic to the class members she seeks to represent, and because the adjudication of her claims will necessarily decide the identical issues for all other class members.   Whether the CFA and the TCCWNA were violated and whether CoSport breached its contract involve predominating common issues that will be decided for all consumers who entered into similar or identical Terms and Conditions.  There is nothing peculiar about the Plaintiff's situation that would make her an inadequate class representative.

33.   Plaintiff has retained counsel competent and experienced in both consumer protection and class action litigation.

34.   **Superiority:** A class action is superior to other methods for the fair and efficient adjudication of this controversy because the damages suffered by each individual class member are relatively modest, compared to the expense and burden of individual litigation.  It would be impracticable for each class member to seek redress individually for the wrongful conduct alleged herein.  It would be difficult, if not impossible, to obtain counsel to represent Plaintiff on an individual basis for such small claims.  Practically speaking, a class action is the only viable means of adjudicating the individual rights of Plaintiff and the Class.  There will be no difficulty in the management of this litigation as a class action as the legal issues

affect a standardized pattern of conduct by Defendant and class actions are commonly used in such circumstances. Furthermore, since joinder of all members is impracticable, a class action will allow for an orderly and expeditious administration of the claims of the Class and will foster economies of time, effort and expense.

## CLAIMS FOR RELIEF

### COUNT I:
### BREACH OF CONTRACT
### (On Behalf of the Class)

35.     Plaintiff, on behalf of herself and all others similarly situated, repeats and realleges paragraphs 1 through 34 as if expressly set forth in this Count.

36.     Plaintiff and class members contracted with CoSport to purchase tickets and accommodations for the 2021 Summer Olympics in Tokyo subject to CoSport's Terms and Conditions Agreement. **Exhibit A.**

37.     The CoSport Terms and Conditions provide that a "Full Refund" will be provided if the customer's order cannot be completed.

> Limitation of Liability
> …
> If a Customer is actually charged by THE COMPANY for any Product(s) (including but not limited to accommodations, transportation, Tickets or any combination thereof) without their respective order(s) being completed as detailed above, THE COMPANY **will refund Customer in full** by crediting their respective Account at the earlier of either THE COMPANY detecting

17

the error or Customer notifying THE COMPANY of the
error.

Exhibit A (emphasis added).

38.   Despite the "Products" sold by CoSport (tickets and accommodations) not being available to Plaintiff and the Class, CoSport refuses to provide a "full" refund as referenced in its Terms and Conditions.

39.   To the contrary, CoSport will only provide a refund of 75% IF the customer (1) requests a refund within the eight (8) days following its email notice (deadline of April 16, 2021).  There is no such provision set forth in the Terms and Conditions.

40.   Additionally, it was a breach of contract for CoSport to ask consumers to release it from liability as a prerequisite to seeking a refund.  Such restrictions are not permitted by the Terms and Conditions.

41.   As a direct and proximate result of their attendance at the Tokyo Olympics being prohibited, Plaintiff and putative class members are entitled to a full refund of all amounts paid to CoSport for tickets and accommodations in connection with the Summer Olympics in Tokyo.

42.   Specifically, Plaintiff is due a refund of $16,375.00.

43.   Plaintiff has been harmed by CoSport's breach of contract by (1) its refusal to provide a timely refund of her money; (2) its requiring her to seek a refund

by agreeing to only take (75%); and (3) by attempting to absolve itself from further liability as a condition of any refund.

44.    Absent class members have been harmed similarly.

45.    Plaintiff and class members suffered actual damages in the amount of all amounts paid as a direct and proximate result of Defendant's breach.

## COUNT II:
## VIOLATION OF THE NEW JERSEY CONSUMER FRAUD ACT
### N.J.S.A. §56:8-2.1 *et seq.*
### (On Behalf of the Class)

46.    Plaintiff, on behalf of herself and all others similarly situated, repeats and realleges paragraphs 1 through 45 as if expressly set forth in this Count.

47.    This Count is asserted in the alternative to Plaintiff's Breach of Contract Claim.  In other words, this Claim will only proceed if Plaintiff is unsuccessful in receiving her full refund under her Breach of Contract claim.

48.    N.J.S.A. §56:8-2. declares that:

> The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice; …

49.    Plaintiff is both a "person" and "consumer" pursuant to N.J.S.A. §56:8-1(d), as she and all class members are natural persons as defined therein.

50.    Defendant is a "person" pursuant to N.J.S.A. §56:8-1(d), as it is a business entity, corporation or company as defined therein.

51.    The tickets and accommodations sold by CoSport constitute "merchandise" pursuant to N.J.S.A. §56:8-1(c).

52.    Defendant engages in the sale of merchandise pursuant to N.J.S.A. §56:8-1(e), as it offers Olympic tickets and accommodations directly to the public for sale.

53.    CoSport engaged in an unconscionable, unfair, deceptive, fraudulent and/or misleading pattern and practice by making misleading or false statements regarding its refund program.  Specifically, it is unfair and deceptive to force consumers to "elect" their refund, while doing so forces them to agree to hold CoSport harmless for 25% of the damages they suffered.

54.    Specifically, CoSport attempted to force Plaintiff and all other class members to agree to the following as a condition of obtaining a 75% refund:

> By exercising this option, I also agree to forever discharge and release CoSport and its affiliates from any and all claims arising out of or in connection with your order. You also agree you have read and understand the refund process outlined in the accompanying letter, dated April 6, 2021.

55.    Such practices contravene the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-1, *et seq.*

56.    N.J.S.A. § 56:8-2.11 provides that "Any person violating the provisions of the CFA shall be liable for a refund of all monies acquired by means of any practice declared herein to be unlawful."

57.    As a result of Defendant's aforementioned violations, Plaintiff suffered an ascertainable loss of $16,375.00 if no refund is provided, or by $4,093.75 (25%) if a 75% refund is ultimately provided.  In any event, it is unconscionable for CoSport to attempt to force Plaintiff and the absent class members to choose between obtaining a partial refund or no refund at all through this unfair and deceptive practice when they are clearly due to receive a full refund under the Terms and Conditions.

58.    As a result of Defendant's aforementioned violations, Plaintiff and putative class members are due to receive their actual damages equal to the ascertainable loss of all program fees paid to CoSport during the class period.

59.    But for CoSport's unconscionable acts and misrepresentations in violation of the CFA, Plaintiff would not have suffered any damage.  Said another way, Plaintiff's damages are the direct and proximate result of Defendant's violations of the CFA, in that her loss flowed directly from CoSport's acts.

60.     Plaintiff and class members are entitled to treble damages pursuant to N.J.S.A. § 56:8-19.

61.     In accordance with N.J.S.A. § 56.8-19 and N.J.S.A. § 56.12-17, Plaintiff and class members are entitled to attorney's fees and litigation costs.

## COUNT III:
### VIOLATION OF THE NEW JERSEY TRUTH-IN-CONSUMER CONTRACT, WARRANTY AND NOTICE ACT, ("TCCWNA") N.J.S.A. § 56:12-14 *et seq*.
### (On Behalf of the Class)

62.     Plaintiff, on behalf of herself and all others similarly situated, repeats and realleges paragraphs 1 through 61 as if expressly set forth in this Count.

63.     This Count is asserted in the alternative to Plaintiff's Breach of Contract Claim.  In other words, this Claim will only proceed if Plaintiff is unsuccessful in receiving her full refund under her Breach of Contract claim.

64.     The New Jersey Truth in Consumer Contract, Warranty and Notice Act (TCCWNA) § 56:12-14 *et seq.,* prohibits sellers from "offer[ing] to any consumer or prospective consumer or enter[ing] into any written consumer contract or giv[ing] or display[ing] any written consumer warranty, notice or sign . . . which includes any provision that violates any clearly established legal right of a consumer or responsibility of a seller . . . as established by State or Federal Law . . . ." N.J.S.A. § 56:12-15.

22

65.     Plaintiff and all members of the Class are "consumers" within the meaning of TCCWNA.

66.     CoSport is a "seller" within the meaning of TCCWNA.

67.     CoSport's Terms and Conditions Agreement is a written agreement between CoSport and Plaintiff which is both a "consumer contract" and a notice within the meaning of TCCWNA.

68.     Plaintiff has a clearly established right to receive a full refund under her Contract with CoSport.  However, CoSport has engaged in unconscionable conduct in violation of this clear legal right by trying to force Plaintiff and other members of the Class to agree to only obtain a 75% refund despite its contractual obligations.

69.     Additionally, CoSport attempted to force Plaintiff and all other class members to agree to the following as a condition of obtaining a 75% refund despite their clear legal right to a refund under its original Terms and Conditions:

> By exercising this option, I also agree to forever discharge and release CoSport and its affiliates from any and all claims arising out of or in connection with your order. You also agree you have read and understand the refund process outlined in the accompanying letter, dated April 6, 2021.

70.     Plaintiff, and all members of the Class, have not received a full refund and may not even receive a 75% refund unless they agree to release CoSport from liability.  As a result, Plaintiff and the Class have suffered harm as a result of

23

CoSport's 75% refund offer, which makes them "aggrieved consumers" within the meaning of N.J.S.A. § 56:12-17.

71.     As a result of Defendant's aforementioned violations, Plaintiff suffered an ascertainable loss of $16,375.00 if no refund is provided, or by $4,093.75 (25%) if a 75% refund is ultimately provided.  In any event, it is unconscionable for CoSport to attempt to force Plaintiff and the absent class members to choose between obtaining a partial refund or no refund at all through this unfair and deceptive practice when they are clearly due to receive a full refund under the Terms and Conditions.

72.     As a result of CoSport's violations of TCCWNA as alleged herein, Plaintiff and putative class members are entitled to damages pursuant to N.J.S.A. § 56:12-17 which include actual damages and statutory damages of not less than $100 per violation, together with reasonable attorney fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff pray that the Court enter an Order:

A.     Certifying this action as a class action as provided by Rule 23(a) and (b) of the Federal Rules of Civil Procedure, appointing Plaintiff as class representative, and appointing the undersigned to act as Class Counsel;

B.     Declaring that CoSport is financially responsible for notifying all class members;

24

C.      Declaring that CoSport is in breach of its contracts with Plaintiff and class members and awarding compensatory damages;

D.      For injunctive relief prohibiting CoSport from future violations of the Consumer Fraud Act, N.J.S.A. § 56:8-1 *et seq.*, and the Truth-in-Consumer Contract, Warranty and Notice Act, N.J.S.A. § 56:12-14 *et seq.*, and requiring CoSport to comply with these statutes and all applicable rules and regulations;

E.      Awarding disgorgement of all amounts not fully refunded to Plaintiff and all class members;

F.      Awarding actual damages, punitive damages, treble damages pursuant to N.J.S.A.§ 56:8-19, and actual and statutory damages pursuant to N.J.S.A. § 56:12-17;

G.      Awarding reasonable attorneys' fees and costs of suit in connection with this action pursuant to N.J.S.A. § 56:8-19, and N.J.S.A. § 56:12-17;

H.      Awarding pre-judgment and post-judgment interest; and

I.      For such other and further relief as Plaintiff and class members may be entitled or as the Court deems equitable and just.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.


DATED: April 16, 2021                    /s/Jacob M. Polakoff
                                         Jacob M. Polakoff, Bar No. 035832006

jpolakoff@bm.net
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel. 215.875.3000
Fax 215.875.4604

VARNELL & WARWICK, P.A.
Brian W. Warwick*
Janet R. Varnell*
1101 E. Cumberland Ave., Suite 201H, #105
Tampa, Florida 33602
Telephone: (352) 753-8600
Facsimile:  (352) 504-3301
*bwarwick@varnellandwarwick.com*
*jvarnell@varnellandwarwick.com*
*pro hac vice forthcoming

**Attorneys for Plaintiff**

## Civ. Rule 11.2 CERTIFICATION

The undersigned certifies, under penalty of perjury, pursuant to Civ. Rule 11.2, that the matter in controversy in the foregoing Class Action Complaint is not the subject of any other action pending in any court, arbitration forum, or administrative proceeding.

DATED: April 16, 2021            /s/Jacob M. Polakoff
                                 Jacob M. Polakoff, Bar No. 035832006
                                 jpolakoff@bm.net
                                 BERGER MONTAGUE PC
                                 1818 Market Street, Suite 3600
                                 Philadelphia, PA 19103
                                 Tel. 215.875.3000
                                 Fax 215.875.4604

                                 VARNELL & WARWICK, P.A.

26

Brian W. Warwick*
Janet R. Varnell*
1101 E. Cumberland Ave., Suite 201H, #105
Tampa, Florida 33602
Telephone: (352) 753-8600
Facsimile:  (352) 504-3301
*bwarwick@varnellandwarwick.com*
*jvarnell@varnellandwarwick.com*
 *pro hac vice forthcoming

**Attorneys for Plaintiff**